TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
NIKKI SEICHEPINE (CSB No. 359475)
nseichepine@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 415.281.1350

JANIE YOO-SCOTT (CSB No. 312715)
jyooscott@fenwick.com
FENWICK & WEST LLP
1155 F Street NW, 12th Floor
Washington, DC 20001
Telephone: 202.970.3000

Attorneys for Defendant
LUME DEODORANT, LLC

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHALON MOON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LUME DEODORANT, LLC and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:26-cv-05187

**NOTICE OF REMOVAL**

**Removed from Los Angeles County Superior Court, Civil Case No. 26STCV10405**

# NOTICE OF REMOVAL OF CIVIL ACTION

Lume Deodorant, LLC ("Lume") removes this case from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act ("CAFA") (28 U.S.C. §§ 1332(d) and 1453) and pursuant to 28 U.S.C. §§ 1441 and 1446. Lume's grounds for removal are as follows:

## PROCEDURAL BACKGROUND

1. On April 1, 2026, Plaintiff Shalon Moon ("Moon") filed a Putative Class Action Complaint in the Superior Court of the State of California, County of Los Angeles captioned *Shalon Moon v. Lume Deodorant, LLC, et al.*, Case No. 26STCV10405. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Tyler Newby ("Newby Decl."), submitted with this Notice. Newby Decl. ¶ 1, Ex. A.

2. Lume was served with the Complaint and Summons on April 14, 2026. Newby Decl. ¶ 3. A copy of the proof of service of the Summons and Complaint is attached as **Exhibit B** to the Newby Declaration. *Id.* ¶ 3, Ex. B.

3. Copies of the process, pleadings, and orders entered in this action are attached as **Exhibit C** to the Newby Declaration. Newby Decl. ¶ 4, Ex. C.

4. On April 30, 2026, the Superior Court entered an Order staying the proceedings until at least August 21, 2026, the date of the Initial Status Conference. Newby Decl. ¶ 5.

5. As of this date, except as described above, no further pleadings have been filed in the action and no proceedings have been conducted in the action. *See* Newby Decl. ¶ 6, Ex. D (superior court docket).

6. In the Complaint, Plaintiff seeks injunctive relief, restitution, actual and punitive damages, pre- and post-judgment interest, attorneys' fees and costs of this suit. Newby Decl. Ex. A ¶¶ 45–46, § X. Plaintiff brings her claims based on California's False Advertising Law (Business and Professions Code § 17500, et seq.),

FENWICK & WEST LLP
ATTORNEYS AT LAW

California's Unfair Competition Law (Business and Professions Code § 17200, et seq.), and California's Consumers Legal Remedies Act (Civil Code § 1750, et seq.).

7. By removing this action, Lume does not admit the truth of any facts asserted in the Complaint, the validity of Plaintiff's claims, the ability to certify a class, the existence of injury, or damages in any form or amount. Lume does not waive any defenses.

## GROUNDS FOR REMOVAL

8. This Court has jurisdiction over this matter under CAFA. Removal to this Court by Lume is proper pursuant to 28 U.S.C. § 1332(d), as this matter is a putative class action in which (1) the proposed class consists of at least 100 members; (2) the amount in controversy, aggregated for all class members, exceeds $5,000,000, exclusive of interests and costs; and (3) the citizenship of at least one proposed class member in the Complaint, Plaintiff Moon, is different from that of Lume.

9. This action meets the definition of a "class action" under CAFA because Plaintiff brings class allegations pursuant to California Code of Civil Procedure § 382, a "State statute … authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff purports to bring this case as a class action and seeks certification of a putative class. *See* Newby Decl. Ex. A, ¶ 60.

Number of Proposed Class Members

10. CAFA requires that a putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). This case satisfies that requirement, as Plaintiff alleges that the "Class consists of thousands of persons[.]" Newby Decl. Ex. A, ¶ 115; *see also* Declaration of Nicole Gallo ("Gallo Decl.") ¶ 3.

Amount in Controversy

11. CAFA requires that the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether

the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). That threshold is met here.

12. As the Ninth Circuit has noted, the amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 648 (9th Cir. 2016) (quotation marks and citations omitted). "'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (reversing district court's denial of CAFA removal in CLRA and false advertising case where the plaintiff sought punitive damages).

13. For the amount in controversy, courts may consider punitive damages, attorneys' fees, and restitution. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772-75 (9th Cir. 2020) (reversing a remand order and allowing removal based on aggregated damages including compensatory damages, punitive damages, and attorneys' fees); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included in the amount in controversy where the underlying statute authorizes an award); *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 530-32 (S.D. Cal. 2020) (holding that although restitution based solely on California sales did not meet CAFA's $5,000,000 jurisdictional threshold, when punitive damages and attorneys' fees were added, the total amount in controversy was above the threshold).

14. Plaintiff's definition of the proposed class and the relief sought easily satisfy the amount in controversy requirement. Plaintiff seeks to represent a class of California citizens "who purchased the Products in the State of California while physically located in California or for delivery to a California address" during the four years preceding the filing of the Complaint. Newby Decl. Ex. A ¶ 60. Plaintiff alleges that "thousands of persons" fall into the definition of the class. *Id.* at ¶ 115. In addition, Plaintiff seeks injunctive relief, restitution, actual and punitive damages,

FENWICK & WEST LLP
ATTORNEYS AT LAW

pre- and post-judgment interest, attorneys' fees and costs of this suit. *Id.* at ¶¶ 45–46.

15. Lume has sold more than $5,000,000 of its personal care products from its website store for delivery to California addresses in the last four years. Gallo Decl. ¶ 4.

16. Although Lume denies that Plaintiff is entitled to *any* relief, Plaintiff's request for restitution, actual and punitive damages, attorneys' fees, and injunctive relief places more than $5,000,000 in controversy based on the California website sales described in the Gallo Declaration.

<u>Diversity of Citizenship</u>

17. The diversity of citizenship requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. Plaintiff alleges that she is a citizen of California. Newby Decl. Ex. A ¶ 55. Lume is a limited liability company formed in Delaware with its principal place of business located in New York, New York. *Id.* at ¶ 56; Gallo Decl. ¶ 5. Mammoth Brands Inc. is the sole member of Lume and is also formed under the laws of Delaware with its principal place of business located in New York, New York. Gallo Decl. ¶ 6.

19. A corporation is "a citizen of every [s]tate … by which it has been incorporated and of the [s]tate … where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Lume is a citizen of Delaware and New York for diversity purposes, and the citizenship of at least one proposed class member, Plaintiff Moon, is different than that of Lume. *See* Newby Decl., Ex. A ¶ 55; Gallo Decl. ¶¶ 5-6.

**<u>THE POTENTIAL EXCEPTIONS TO CAFA THAT COULD PERMIT REMAND DO NOT APPLY</u>**

20. CAFA contains three potential exceptions to federal jurisdiction that do not apply here. *See* 28 U.S.C. §§ 1332(d)(3)-(4). They are (1) the discretionary

FENWICK & WEST LLP
ATTORNEYS AT LAW

exception; (2) the local controversy exception; and (3) the home-state controversy exception. *Id.* Plaintiff Moon has the burden to prove these exceptions, should she seek remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007) (concluding that the party seeking to remand bears the burden of proving an exception to CAFA jurisdiction).

21. None of the exceptions apply, because Lume is not a citizen of California, where this action was originally filed. Newby Decl. Ex. A, ¶ 56; Gallo Decl. ¶ 5; *see* 28 U.S.C. §§ 1332(d)(3)-(4).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

22. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Lume received a copy of the Summons and Complaint setting forth the claim for relief upon which the action is based on April 14, 2026. Newby Decl. ¶ 3, Ex. B. This Notice of Removal is therefore timely filed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise'"); Fed. R. Civ. P. 6(a)(1)(C).

23. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because Los Angeles County, where the action is pending, is located within the Central District of California.

24. Promptly after the filing of this Notice of Removal, Lume will serve a copy on all counsel of record and file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles, in accordance with 28 U.S.C. § 1446(d). Lume is serving this Notice of Removal on Plaintiff's counsel of record, Stevens, LC, via electronic and U.S. mail addressed to the office located at 1855 Industrial Street, Suite 518, Los Angeles, California 90021.

FENWICK & WEST LLP
ATTORNEYS AT LAW

25. No previous notice of removal has been filed in this action.

26. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Lume in this action is attached. Newby Decl. ¶ 4, Ex. C.

**CONCLUSION**

**WHEREFORE**, Lume notifies the Court that this action has been removed from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to the provisions of CAFA (28 U.S.C. §§ 1332(d) and 1453) and pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: May 14, 2026 FENWICK & WEST LLP

By: */s/ Tyler G. Newby*
Tyler G. Newby

Attorneys for Defendant
LUME DEODORANT, LLC